In the United States District Court
For the Northern District 0f Illinois,
Eastern Division

BESTAR ELECTRONICS INDUSTRY CO., LTD., a
Chinese limited company,

    Plaintiff and Counter-
    Defendant,

  v.

DIGISOUND-WIE, INC., an Illinois corporation,

    Defendant.

07 C 7290

Judge Leinenweber

Magistrate Judge Mason

# Defendant's Answer and Counterclaim

Defendant Digisound-WIE, Inc. ("Digisound-WIE") answers plaintiff BeStar Electronics

Industry Co., Ltd.'s Complaint:

### Parties

1. Plaintiff, BESTAR ELECTRONICS INDUSTRY CO., LTD. ("BeStar"), is a Chinese limited company with its principal place of business in Jiangsu, China. BeStar is in the business of designing, manufacturing and selling electronic and acoustic components and equipment. Products manufactured by BeStar include, in part, electromagnetic buzzers, transducers, speakers, receivers, transmitters, alarms, and sirens/tweeters.

**Answer:**  Digisound-WIE admits the allegations in ¶ 1 of the Complaint.

2. Defendant, DIGISOUND-WIE, INC. ("Digisound-WIE"), is an Illinois corporation with its principal place of business in Libertyville, Illinois. On information and belief, Digisound-WIE sells buzzers, sirens and loudspeakers, which are incorporated into automotive, telecommunication, fire and security, and white good products.

**Answer:**  Digisound-WIE admits the allegations in ¶ 2 of the Complaint.

### Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because BeStar and Digisound-WIE are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. The Court has personal jurisdiction over

Digisound-WIE because it is a citizen of Illinois.

**Answer:** Digisound-WIE admits the allegations in ¶ 3 of the Complaint.

    4.    Venue is proper in this District under 28 U.S.C. § 1391(a) because Digisound-WIE resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

**Answer:** Digisound-WIE admits the allegations in ¶ 4 of the Complaint.

### Factual Background

    5.    Beginning in or about November, 2006 Digisound-WIE purchased from BeStar and BeStar sold and delivered to Digisound-WIE, certain electronic and acoustic components and products (hereinafter "Goods") for the use and/or benefit of Digisound-WIE. Such Goods consisted primarily of transducers, receivers and buzzers.

**Answer:** Digisound-WIE denies the allegations in ¶ 5 of the Complaint.

    6.    Pursuant to purchase orders entered into among the parties, the parties agreed that BeStar would sell and supply Digisound-WIE with the Goods in exchange for payment within sixty (60) days of the date of invoice.

**Answer:** Digisound-WIE denies the allegations in ¶ 6 of the Complaint.

    7.    During the relevant time period, BeStar sold and supplied the Goods to DigisoundWIE, which accepted the Goods and became indebted to BeStar for the agreed purchase price for of the Goods.

**Answer:** Digisound-WIE denies the allegations in ¶ 7 of the Complaint.

    8.    Digisound-WIE has failed to pay in full the amount due and owing for all of the Goods that it received from BeStar. An outstanding sum of Three Hundred, Ninety-One Thousand, Six Hundred and Fifty-Three Dollars and Eighty Cents ($391,653.80) currently remains due and owing to BeStar.

**Answer:** Digisound-WIE denies the allegations in ¶ 8 of the Complaint.

    9.    On December 17, 2007, BeStar made a demand upon Digisound-WIE for payment in full for the Goods of the amount due and owing to BeStar.

**Answer:** Digisound-WIE denies the allegations in ¶ 9 of the Complaint.

       10.    Despite the invoices and demand for payment, Digisound-WIE has wrongfully refused to pay BeStar the amount due and owing to BeStar for the Goods.

**Answer:** Digisound-WIE denies the allegations in ¶ 10 of the Complaint.

## COUNT I
### Breach of Contract

       11.    BeStar re-alleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 10.

**Answer:** Digisound-WIE repeats its answers to ¶¶ 1-10 as its answer to ¶ 11 of the Complaint.

       12.    Digisound-WIE's wrongful refusal to fully pay BeStar for the Goods it purchased and received constitutes a material breach of its contract with BeStar. BeStar has fully performed its obligations under their agreement.

**Answer:** Digisound-WIE denies the allegations in ¶ 12 of the Complaint.

       13.    BeStar has been damaged by Digisound-WIE's material breach of contract.

**Answer:** Digisound-WIE denies the allegations in ¶ 13 of the Complaint.

## COUNT II
### Quantum Meruit-Unjust Enrichment

       14.    BeStar re-alleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 10.

**Answer:** Digisound-WIE repeats its answers to ¶¶ 1-10 as its answer to ¶ 14 of the Complaint.

       15.    Beginning in or about November 2006, BeStar provided a substantial amount of Goods, which value totals over Three Hundred, Ninety-One Thousand, Six Hundred and Fifty-Three Dollars and Eighty Cents ($391,653.80), to Digisound-WIE for use and benefit by Digisound-WIE.

**Answer:** Digisound-WIE denies the allegations in ¶ 15 of the Complaint.

16.    BeStar billed Digisound-WIE for the Goods and expected to be paid for those Goods.

**Answer:** Digisound-WIE denies the allegations in ¶ 16 of the Complaint.

17.    Digisound-WIE received and accepted the Goods from Bestar for its use.

**Answer:** Digisound-WIE denies the allegations in ¶ 17 of the Complaint.

18.    Digisound-WIE has been unjustly enriched by the receipt of the Goods in an amount totaling over Three Hundred, Ninety-One Thousand, Six Hundred and Fifty-Three Dollars and Eighty Cents ($391,653.80) from BeStar without fully paying for the goods.

**Answer:** Digisound-WIE denies the allegations in ¶ 18 of the Complaint.

19.    Digisound-WIE's retention the Goods without paying for them violates the fundamental principles of justice, equity and good conscience.

**Answer:** Digisound-WIE denies the allegations in ¶ 19 of the Complaint.

## COUNT III
### Account Stated

20.    BeStar re-alleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 10.

**Answer:** Digisound-WIE repeats its answers to ¶¶ 1-10 as its answer to ¶ 20 of the Complaint.

21.    BeStar sold and delivered the Goods to Digisound-WIE for the benefit and use by Digisound-WIE.

**Answer:** Digisound-WIE denies the allegations in ¶ 21 of the Complaint.

22.    BeStar billed and sent invoices to Digisound-WIE for the Goods, which total Three Hundred, Ninety-One Thousand, Six Hundred and Fifty-Three Dollars and Eighty Cents ($391,653.80).

**Answer:** Digisound-WIE denies the allegations in ¶ 22 of the Complaint.

23.    On the dates sent, Digisound-WIE did not raise any objections to the invoices, the items listed on the invoices, or the amounts charged on the invoices.

**Answer:** Digisound-WIE denies the allegations in ¶ 23 of the Complaint.

24.    BeStar made a demand upon Digisound-WIE for payment in full for the Goods in the amount due and owing to BeStar.

**Answer:** Digisound-WIE denies the allegation in ¶ 24 of the Complaint.

25.    Despite the invoices and demand for payment, Digisound-WIE has wrongfully refused to pay BeStar the amount due and owing to BeStar for the Goods.

**Answer:** Digisound-WIE denies the allegation in ¶ 25 of the Complaint.

## COUNT IV
### Replevin

26.    BeStar re-alleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 10.

**Answer:** Digisound-WIE repeats its answers to ¶¶ 1-10 as its answer to ¶ 26 of the Complaint.

27.    Digisound-WIE does not have an ownership interest in the Goods that BeStar sold it.

**Answer:** Digisound-WIE denies the allegations in ¶ 27 of the Complaint.

28.    In light of Digisound-WIE's failure to pay BeStar the amount due an owing, Digisound-WIE has a duty to immediately return the unpaid Goods to BeStar.

**Answer:** Digisound-WIE denies the allegations in ¶ 28 of the Complaint.

29.    Despite this obligation, Digisound-WIE has failed to return the unpaid Goods to BeStar.

**Answer:** Digisound-WIE denies the allegations in ¶ 29 of the Complaint.

30.    Accordingly, BeStar is entitled to an order of replevin ordering Digisound-WIE to immediately return to BeStar the unpaid Goods that Digisound-WIE has failed to return.

**Answer:** Digisound-WIE denies the allegations in ¶ 30 of the Complaint.

## Digisound-WIE's Affirmative Defenses

Defendant Digisound-WIE alleges these affirmative defenses to the four counts alleged in the complaint against it:

1.    During 2007, Digisound-WIE sent BeStar Electronics credit memos for defective goods shipped to it.  BeStar Electronics did not dispute the correctness of the credit memos or their accuracy.  BeStar Electronics claimed, however, that Chinese accounting regulations prevented it from reducing the amount it claimed from Digisound-WIE by the amounts of the credit memos.  BeStar Electronics proposed, and Digisound-WIE accepted, that BeStar Electronics would pay by wire transfer to Digisound-WIE's bank account a portion of the credit memos immediately after each Digisound-WIE wire transfer of a payment to BeStar Electronics' bank account.  Despite Digisound's payments, BeStar Electronics failed to make any payment to Digisound-WIE on the credit memos.

2.    As further affirmative defenses, Digisound-WIE incorporates its counterclaims alleged below.

# Counterclaims

Counter-plaintiff Digisound-WIE, Inc. ("Digisound-WIE") alleges its counterclaims against counter-defendant BeStar Electronics Industry Co., Ltd. ("BeStar Electronics"):

## Allegations Common to All Counts

1.    Digisound-WIE is an Illinois corporation formed in 2001 and owned 100% by Digisound-Electronic GmbH, which sells products in the U.S. through Digisound-WIE.

2.      BeStar Electronics is a Chinese limited company with its principal place of business in Jiangsu, China.

3.      On or about August 18, 2001, Digisound-Electronic GmbH and BeStar Electronics entered into a written "Contract for Chinese-foreign Equity Joint Ventures" (the "Joint Venture Contract"). Pursuant to the Joint Venture Contract, "Changzhou BeStar Acoustic Co." ("BeStar Acoustic") was formed as the Chinese joint venture entity, which is 51% owned by BeStar Electronics, 40% by Digisound-Electronic GmbH, and 9% by Orient-American Trade Co. The joint venture's purpose was and is for BeStar Acoustic to manufacture parts, in accordance with specifications provided by Digisound-Electronic GmbH and its affiliates, for sale by Digisound-Electronic GmbH and its affiliates outside of China and by BeStar Electronics within China.

4.      Wu YiFie, also known as David Wu, was and is the Managing Director of both BeStar Electronics and BeStar Acoustic.

5.      Sometime before or during April 2007, while the joint venture was still in effect (and which remains in effect), BeStar Electronics (through Wu Yifie), Florian Greiling (who was then Managing Director of Digisound Electronics GmbH), and Dirk de Young and Helene de Young (who were then Digisound-WIE's only employees) formed a plan to misappropriate Digisound-WIE's (a) customer relationships, (b) relationship with its independent manufacturer's representative, CC Electro Sales, Inc., and (c) sales.

6.      The plan included, among other things, to have Dirk de Young and Helene de Young compete directly with Digisound-WIE while they still served as Digisound-WIE's sole employees and afterward. BeStar Electronics knew that the de Youngs' competition with Digisound-WIE breached the de Youngs' duty of loyalty to, and Dirk de Young's written

7

employment agreement with, Digisound-WIE. The employment agreement prohibited Dirk de Young from competing with Digisound-WIE during and for one year after his employment with it.

7.      Sometime before or during April 2007, BeStar Electronics, the de Youngs (while still employed by Digisound-WIE), and others whom they conspired with induced CC Electro Sales, Inc. to breach its written contract with Digisound-WIE in at least two ways. First, they induced CC Electro Sales to represent them in offering for sale parts that were the subject of the Joint Venture Contract, even though CC Electro Sales was still bound by contract to solely represent Digisound-WIE in offering those parts for sale. Second, they induced CC Electro Sales to immediately terminate its contract with Digisound-WIE without giving the contractual minimum of 30 days' prior notice. Part of the purpose of BeStar Electronics, the de Youngs, and those who conspired with them in inducing CC Electro Sales' breaches was to in turn induce Digisound-WIE's customers and prospective customers to purchase from them through a false representation, created by their words and conduct, that their parts were being offered through or authorized by Digisound-WIE, thereby avoiding the customers' and prospective customers' long and uncertain processes for qualifying new parts and vendors.

8.      In April 2007, in furtherance of the foregoing plan, the de Youngs (while still employed by Digisound-WIE) stopped submitting Digisound-WIE orders for BeStar Acoustic parts for the purpose of preventing Digisound-WIE from filling its orders from customers, whose just-in-time or lean manufacturing systems depend on suppliers maintaining an adequate supply of inventory for delivery as needed. As the customers' inventories grew short, CC Electro Sales, while still purporting to be Digisound-WIE's agents, purposely delayed responding to customer

inquiries about the status of orders they had placed with Digisound-WIE through CC Electro Sales.

9.     On or about April 24, 2007, in furtherance of the foregoing plan, the de Youngs (while still employed by Digisound-WIE) placed a "replacement" order for 45,000 BeStar Acoustic parts.  However, none of the parts ever appeared in Digisound-WIE's inventory or records.  On information and belief, BeStar Electronics billed Digisound-WIE for the parts, which were diverted to BeStar Technologies for sale to Digisound-WIE's customers.

10.     On May 4, 2007, in furtherance of the foregoing plan, the de Youngs (while still employed by Digisound-WIE) signed papers to incorporate BeStar Technologies.  The Articles of Incorporation, filed May 10, 2007, show the de Youngs, Wu Yifei, Gou Ling, and Lilli Greiling as shareholders.  Gou Ling is a member of the Board of Directors of BeStar Electronics and/or BeStar Acoustic, while Lilli Greiling is the daughter of Florian Greiling and, on information and belief, serves as his proxy.

11.     In early June 2007, BeStar Electronics, through Wu Yifie, met in China with the de Youngs (who were still employed by Digisound), Matt Cohen of CC Electro Sales (which was still under contract to exclusively represent Digisound-WIE), and others to finalize their steps to misappropriate Digisound-WIE's existing and prospective customer relationships and sales. Around the same time, and while still contractually required to act as Digisound-WIE's agent, CC Electro Sales began representing to Digisound-WIE's customers that it had "factory-direct" availability of Digisound-WIE's parts.

12.     On or about June 25, 2007, the de Youngs resigned their employment with Digisound-WIE and immediately opened an office and warehouse in the adjoining space for BeStar Technologies, on whose behalf it had leased the space while still employed by

9

Digisound-WIE. Before resigning, the de Youngs misappropriated data from Digisound-WIE's computers concerning its sales and operations and destroyed the data that resided on the hard drives of those computers. The data that was copied and/or destroyed included Digisound-WIE's pricing to different customers, purchase orders from customers, past and expected parts deliveries to customers, and the correlations between Digisound-WIE part numbers and BeStar part numbers.

13.     On July 1, 2007, CC Electro Sales further breached its contract with Digisound-WIE by terminating it without providing the contractual minimum 30 days' prior notice. CC Electro Sales immediately entered into an almost identical contract with BeStar Technologies, which it and the de Youngs had prepared and negotiated long in advance with BeStar Electronics' knowledge and approval.

14.     During September 2007, Wu Yifie acting on behalf of BeStar Electronics provided Digisound-Electronic GmbH letters for Digisound-WIE's customers. The letter stated that BeStar Acoustic supplies its "current products for [name of customer] only via Digisound and Digisound affiliated companies in USA." The statement was intentionally false and intended to deceive Digisound Electronics and Digisound-WIE that BeStar Electronics was complying and would continue to comply with the Joint Venture Contract. At the same time, BeStar Electronics was selling parts that were subject to the Joint Venture Contract to Digisound-WIE's customers through BeStar Technologies.

15.     During 2007, Digisound-WIE sent BeStar Electronics credit memos for defective goods shipped to it. While BeStar Electronics did not dispute the correctness of the credit memos or their accuracy, it claimed that Chinese accounting regulations prevented it from reducing the amount it claimed from Digisound-WIE by the amounts of the credit memos.

10

BeStar Electronics proposed, and Digisound-WIE accepted, that BeStar Electronics would pay by wire transfer to Digisound-WIE's account a portion of the credit memos immediately after each Digisound-WIE wire transfer to BeStar Electronics' bank account. Despite Digisound's payments, BeStar Electronics failed to make any payment to Digisound-WIE of its credit memorandum. BeStar Electronics then falsely claimed lack of payment from Digisound-WIE as an excuse to refuse to allow BeStar Acoustic parts to be delivered to Digisound-WIE to meet its customer obligations.

16.    By preventing BeStar Acoustic parts from being delivered to Digisound-WIE, BeStar Electronics caused and continues to cause Digisound-WIE to be unable to fill customer orders, which BeStar Electronics has instead filled through BeStar Technologies.

17.    As a result of the foregoing, Digisound-WIE suffered lost sales and injury to its customer relations in an amount in excess of $75,000.

## Count I – Breach of Fiduciary Duty

1-17.    For ¶¶ 1-17 of Count I of its counterclaim, Digisound-WIE repeats the preceding ¶¶ 1-17.

18.    At all times since it entered into the Joint Venture Contract, BeStar Electronics has owed Digisound-WIE, as the 100% owned sales subsidiary of Digisound-Electronic GmbH, a fiduciary duty not to compete with it in the U.S. for sales of parts that are subject to the Joint Venture Contract.

19.    BeStar Electronics' above conduct breached and continues to breach its fiduciary duty to Digisound-WIE not to compete with it in the U.S. for sales of parts that are subject to the Joint Venture Contract and constitutes unfair competition with Digisound-WIE.

20.    BeStar Electronics' above conduct has caused Digisound-WIE to also suffer irreparable injury in the loss of customers, past and future sales, and goodwill.

Therefore, counter-plaintiff Digisound-WIE prays for judgment against BeStar Electronics for actual and punitive damages, as well as all other appropriate relief, including a constructive trust on the monies BeStar Electronics and those acting in concert with it have received and will receive from its wrongful conduct and an injunction against BeStar Electronics and those acting in concert with it selling parts that are subject to the Joint Venture Contract in the United States other than through Digisound-WIE.

## Count II – Breach of Contract

1-17.   For ¶¶ 1-17 of Count II of its counterclaims, Digisound-WIE repeats the preceding ¶¶ 1-17.

21.     BeStar Electronics breached the Joint Venture Contract by:

    a.     failing to pay Digisound-WIE for the amount of the credit memos that Digisound-WIE issued to it;

    b.     failing to ship product to Digisound-WIE to meet its customer obligations;

    c.     purporting to unilaterally terminate the Joint Venture Contract;

    d.     seeking to sell and selling parts that are subject to the Joint Venture Contract in the U.S. other than through, and instead in competition with, Digisound-WIE.

Therefore, counter-plaintiff Digisound-WIE prays for judgment against BeStar Electronics for actual and punitive damages, as well as all other appropriate relief.

## Count III – Tortious Interference with Digisound-WIE's Contracts of Dirk de Young and CC Electro Sale

1-17.   For ¶¶ 1-17 of Count III of its counterclaims, Digisound-WIE repeats the preceding ¶¶ 1-17.

22.     Through the above conduct, BeStar Electronics knowingly induced Dirk de Young and CC Electro Sales to breach their respective contracts with Digisound-WIE, thus

tortiously interfering with those contracts.

Therefore, counter-plaintiff Digisound-WIE prays for judgment against BeStar Electronics for actual and punitive damages, as well as all other appropriate relief.

## Count IV – Tortious Interference with Digisound-WIE's Customer and Prospective Customer Relationship and Expectancy of Future Sales

1-17.    For ¶¶ 1-17 of Count IV of its counterclaims, Digisound-WIE repeats the preceding ¶¶ 1-17.

23.    At all relevant times, BeStar Electronics knew of Digisound-WIE's purchase orders from its customers and expectation that it would be able to continue to sell to those customers parts that are subject to the Joint Venture Contract.

24.    At all relevant times, BeStar Electronics knew of the specific prospective customers from whom Digisound-WIE was seeking purchase orders for parts that are subject to the Joint Venture Contract.

25.    The above tortious acts by BeStar Electronics and others were for the purpose of interfering with and misappropriating Digisound-WIE's relationships with its customers and prospective customers.

26.    Digisound would have filled its purchase orders, continued to sell additional parts to existing customers, and gained new purchase orders from prospective customers but for the wrongful interference, as alleged above, by BeStar Electronics and the others with whom it conspired.

Therefore, counter-plaintiff Digisound-WIE prays for judgment against BeStar Electronics for actual and punitive damages, as well as all other appropriate relief.

## Count V – Civil Conspiracy

1-26.    For ¶¶ 1-26 of Count V of its counterclaims, Digisound-WIE repeats the

preceding ¶¶ 1-26.

      18.     Through the above conduct, BeStar Electronics conspired with Dirk de Young, Helene de Young, Florian Greiling, Lilli Greiling, CC Electro Sales, and others to commit the foregoing torts against Digisound-WIE.

     Therefore, counter-plaintiff Digisound-WIE prays for judgment against BeStar Electronics for actual and punitive damages, as well as all other appropriate relief.

DIGISOUND-WIE, INC.

By: _s/ Arthur Sternberg_____
     One of Its Attorneys

Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235