In the United States District Court
For the Northern District of Illinois
Eastern Division

| | |
|---|---|
| BESTAR ELECTRONICS INDUSTRY CO., LTD., a Chinese limited company,<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>DIGISOUND-WIE, INC., an Illinois corporation,<br><br>    Defendant and Counterplaintiff. | 07 C 7290<br><br>Judge Lindberg |

## Defendant/Counterplaintiff's Motion To Initiate Discovery

Pursuant to FED.R.CIV.P. 26(d), defendant/counterplaintiff Digisound-WIE, Inc. requests an order authorizing the parties to initiate discovery:

1.    Rules 26(d) and 26(f)(1) expressly grant the court broad discretion to order discovery to proceed without awaiting a Rule 26(f) conference.

2.    This court previously determined that the claims in this case are related to those in *Digisound-WIE, Inc. v. BeStar Technologies, Inc., et al.*, 07 CV 6535.

3.    Both the Counterclaim in this case and the Amended Complaint in *Digisound-WIE, Inc. v. BeStar Technologies, Inc.* allege that BeStar Electronics entered into a civil conspiracy with the defendants in which they breached various contractual and legal duties to Digisound-WIE in order to appropriate its customer relationships and sales.

4.    In *Digisound-WIE, Inc. v. BeStar Technologies* the court ordered that discovery proceed between served parties without awaiting a Rule 26(f) conference. (December 28, 2007 Order, Docket No. 29).

5.    Because both cases share a common core of operative facts (and the same attorneys), they should share the same discovery, motion, and trial schedule. Both cases can be

ready for trial at the same time if the parties in this case, as in the other case, are authorized to initiate discovery immediately.

   6.  Digisound-WIE is ready to serve on BeStar Electronics the attached First Request to Produce once the court has authorized.

   THEREFORE, Digisound-WIE, Inc. requests entry of an order authorizing the parties to initiate discovery. Digisound-WIE, Inc. alternatively requests authorization to serve the attached First Request to Produce or that a Rule 26(f) conference be required to be held as soon as possible.

DIGISOUND-WIE, INC.

By:  s/ Arthur Sternberg
  One of Its Attorneys

Arthur Sternberg
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235

In the United States District Court
For the Northern District 0f Illinois,
Eastern Division

BESTAR ELECTRONICS INDUSTRY CO., LTD., a Chinese limited company,

    Plaintiff and Counterdefendant,

v.

DIGISOUND-WIE, INC., an Illinois corporation,

    Defendant and Counterplaintiff.

07 C 7290

Judge Leinenweber

Magistrate Judge Mason

# Defendant/Counterplaintiff's First Request to Produce

Pursuant to FED.R.CIV.P. 34, defendant and counterplaintiff plaintiff DIGISOUND-WIE, INC. ("Digisound-WIE") directs plaintiff and counterdefendant BESTAR ELECTRONICS INDUSTRY CO., LTD. to produce the following requested documents and electronically stored information within 30 days of service of this Request to Arthur Sternberg, Thompson Coburn Fagel Haber, 55 E. Monroe, Chicago, IL 60603:

## Instructions

A.    This discovery request applies to all documents and electronically stored information created, received, or known to you as of the date of your response.

B.    All electronically stored information should be produced in its original native electronic format, retaining all attending metadata. If you object or refuse to produce any electronically stored information because (i) the source of the information is not reasonably accessible or (ii) undue burden or cost, please identify the source of the information and/or the cost and burden of obtaining the information.

C.    "Communication" includes every manner and means of disclosure, transfer, or exchange of information, whether made orally, through documents, or electronically.

D.   For all documents and electronically stored information withheld due to a claim of privilege, please state (1) the type of document (*e.g.*, letter or memorandum) or electronically stored information (e.g., Outlook email, Word document), (2) the media in which the document or electronically stored information is contained (*e.g.*, paper, cd-rom, computer disk) and the computer programs required to access the information, (3) the names of the author and each recipient of the document or electronically stored information, (4) the name, address, and title of the custodian or the documents and electronically stored information, (5) a summary of the contents of the document or electronically stored information in sufficient detail to show its privileged nature, and (6) the basis on which a privilege is claimed. You are, however, to produce, in redacted form, all non-privileged portions of a document or electronically stored information claimed to be privileged in part.

E.   Please identify those requested documents and electronically stored information that are no longer in your possession or control.

F.   In producing the requested documents and electronically stored information, you should indicate the paragraph number(s) of the requests to which the documents and electronically stored information are responsive.

G.   Please contact Arthur Sternberg at (312) 580-2235 or Susan Lorenc at (312) 580-2324 if you are unsure the scope, meaning, or intent of any request.

2

# Documents and Electronically Stored Information to Be Produced

1. A current organizational chart of the management positions, the names of those managers, of BeStar Electronics Industry Co., Ltd.

2. A current organizational chart showing the ownership of BeStar Electronics Industry Co., Ltd. and its affiliations with any other companies.

3. A current list of BeStar Electronics Industry Co., Ltd.'s shareholders and the percentage ownership each one holds directly or indirectly in the company.

4. All written agreements and contracts between plaintiff and Digisound-Electronic GmbH and/or Digisound-WIE.

5. All documents evidencing or otherwise reflecting all unwritten agreements and contracts between plaintiff and Digisound-Electronic GmbH and/or Digisound-WIE.

6. All documents and electronically stored information concerning purchase orders placed by or on behalf of Digisound-WIE.

7. All documents and electronically stored information concerning goods shipped to or on behalf of Digisound-WIE.

8. All documents and electronically stored information regarding the amounts due from Digisound-WIE.

9. All documents and electronically stored information reflecting all payments ever received from or on behalf of Digisound-WIE.

10. All documents and electronically stored information relating to any credits given to or sought by or on behalf of Digisound-WIE.

11. All documents and electronically stored information containing or otherwise reflecting all communications between the parties.

12. All documents and electronically stored information about forming any business in the United States to sell products made or sold by BeStar Electronics Industry Co., Ltd., Changzhou Bestar Acoustic Co. Ltd., or any affiliate thereof.

13. All documents and electronically stored information concerning any employee, officer, owner, or director of BeStar Electronics Industry Co., Ltd. obtaining or having any equity or creditor interest in, or otherwise doing business with BeStar Technologies, Inc., including but not limited to any draft, proposed or executed agreements among shareholders or between any shareholder and the corporation.

14. All documents and electronically stored information concerning any equity, debt, or other contribution made by or behalf of BeStar Electronics Industry Co., Ltd. to or on behalf of BeStar Technologies, Inc.

15. All documents and electronically stored information containing or otherwise reflecting communications between BeStar Electronics Industry Co., Ltd. (including any of its employees and agents) and (a) Florian Greiling, (b) Lilli Greiling (c) any employee or agent of CC Electro Sales, Inc., (d) any employee or agent of GREWUS GmbH (or similarly named company), (e) any employee or agent of Zircom GmbH (or similarly named company), (f) any employee or agent of Visteon Corporation or Visteon Altec (or similarly named companies), (g) any employee or agent of Valeo Group (or similarly named companies), (h) any employee or agent of Flextronics International Ltd. (or similarly named company), and (i) any employee or agent of Whirlpool Corporation (or similarly named company).

16. All documents and electronically stored information concerning potential or actual purchases of product from BeStar Electronics Industry Co. or Changzhou Bestar Acoustic

Co. Ltd. by any company in which Florian Greiling or Lilli Greiling is, directly or indirectly, an owner or creditor, including but not limited to GREWUS GmbH and Zircom GmbH.

DIGISOUND-WIE, INC.

By: _____
   One of Its Attorneys

Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235