CT1/429051                                                                                                                      8233-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BESTAR ELECTRONICS INDUSTRY CO., LTD., a Chinese limited company,  )<br>)<br>Plaintiff/Counter-Defendant,  )<br>)<br>v.  )<br>)<br>DIGISOUND-WIE, INC., an Illinois corporation,  )<br>)<br>Defendant/Counter-Plaintiff.  ) | Case No. 07-C-7290 |

### PLAINTIFF BESTAR ELECTRONICS INDUSTRY CO. LTD.'S MOTION TO DISMISS DEFENDANT DIGISOUND-WIE, INC.'S COUNTERCLAIMS

Plaintiff/Counter-Defendant BeStar Electronics Industry Co. Ltd. ("Plaintiff" or "BeStar Electronics"), by and through their counsel, Tressler, Soderstrom, Maloney & Priess, LLP, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Defendant/Counter-Plaintiff Digisound-WIE, Inc.'s ("Defendant's" or "Digisound-WIE's") Counterclaims.

### I.  INTRODUCTION

Plaintiff BeStar Electronics' lawsuit against Defendant is in essence a collection case against Defendant based on Defendant's failure to pay Plaintiff approximately $400,000 in outstanding invoices for goods it supplied to Defendant. In response to BeStar Electronics' complaint, Defendant filed numerous counterclaims that are simply unrelated to Plaintiff's claims. Defendant filed counterclaims based on: 1) breach of fiduciary duty, 2) breach of contract, 3) tortious interference with Digisound-WIE's contracts of Dirk de Young and CC Electro Sale[s], 4) tortious interference with Digisound-WIE's customer and prospective customer relationship and expectancy of future sales and 5) civil conspiracy. All of these

counterclaims arise out of a Joint Venture Contract that Defendant alleges Plaintiff breached, but to which Defendant was not alleged to be a party to. Since Defendant lacks standing to assert its counterclaims against Plaintiff, this Court should dismiss the counterclaims pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     BACKGROUND FACTS AND ALLEGATIONS

On December 28, 2008, BeStar Electronics, a Chinese limited company, filed its Complaint against Defendant Digisound-WIE, an Illinois corporation. As alleged in its Complaint, beginning in or about November, 2006, Defendant purchased certain electronic and acoustic components and products ("Goods") from Plaintiff. (Compl. ¶ 5.) BeStar Electronics sold and supplied Defendant with the Goods in exchange for payment within sixty dates of the date of its invoice to Defendant. (Compl. ¶ 6.) Despite demand, Defendant failed to pay the full amount due and owing for all the Goods that it received from BeStar Electronics in an amount approximating $400,000. (Comp. ¶ 8, 9.) Based on Defendant's wrongful refusal to pay BeStar Electronics for the Goods it purchased and received, BeStar Electronics brought claims of breach of contract, quantum meruit-unjust enrichment, account stated and replevin against Defendant.

On February 26, 2008, BeStar Electronics was served with Defendant's Answer and Counterclaim. Defendant filed numerous "Counterclaims," entitled: 1) breach of fiduciary duty (Count I), 2) breach of contract (Count II), 3) tortious interference with Digisound-WIE's contracts of Dirk de Young and CC Electro Sale[] (Count III), 4) tortious interference with Digisound-WIE's customer and prospective customer relationship and expectancy of future sales (Count IV) and 5) civil conspiracy (Count V). The allegations comprising these claims are almost identical to those Defendant alleged in an amended complaint it filed in a separate lawsuit in which BeStar Electronics is not a party: *Digisound, WIE, Inc. v. BeStar Technologies, Inc., et*

*al.*, Case No. 07-C-7290 (N.D. Ill.). The claims Defendant brought in the other lawsuit were against six other defendants, while the claims here are all brought against BeStar Electronics alone.

In its Counterclaim, Defendant alleges its parent company in Germany, Digisound-Electronic GmbH, and Plaintiff BeStar Electronics entered into a written "Contract for Chinese-foreign Equity Joint Ventures," i.e., "the Joint Venture Contract."[1] (Counterclaim ¶ 3.) Pursuant to the Joint Venture Contract, BeStar Electronics, Digisound-Electronic GmbH and a third entity, Orient-American Trade Co., formed a Chinese joint venture entity, BeStar Acoustic, to manufacture parts for sale by Digisound-Electronic GmbH and Plaintiff. (Counterclaim ¶ 3.) Defendant generally alleges that in violation of the Joint Venture Contract that existed between Plaintiff and Digisound-Electronic GmbH, Plaintiff conspired with entities and individuals that are not a party to this lawsuit to misappropriate Defendant's customer relationships, its relationship with its independent manufacturer's representative and its sales for a separate competing entity, BeStar Technologies. (*See, e.g,.* Counterclaim ¶ 3, 5, 7, 11, 14, 17.) Plaintiff through its Managing Director, Wu YiFei, allegedly misappropriated Defendant's customer orders with the other entities and individuals and filled them through the competing entity. (Counterclaim ¶ 3, 14, 17.) Defendant also alleges that it sent BeStar Electronics credit memos for defective goods upon which Plaintiff was allegedly to make payment to Defendant. (Counterclaim ¶ 15.) BeStar Electronics purportedly claimed lack of payment from Defendant as an excuse to refuse BeStar Acoustic parts to be delivered to Defendant to meets its customer obligations. (Counterclaim ¶ 15.) By preventing the parts to be delivered to Defendant, BeStar Electronics allegedly rendered Defendant unable to fill the customer orders that went to BeStar Technologies. (Counterclaim ¶ 16.)

---

[1] Defendant did not attach a copy of the Joint Venture Contract to its Answer and Counterclaim.

Based on these allegations, Defendant alleges in Count I that by entering into the Joint Venture Contract, BeStar Electronics breached its fiduciary duty not to compete with it in the U.S. by selling parts that are subject to the contract. (Counterclaim ¶ 18, 21.) Count II alleges that BeStar Electronics breached the Joint Venture Contract, which Plaintiff entered into with Defendant's German parent company. (Counterclaim ¶ 3, 21.) Count III alleges that based on the same conduct comprising the prior two counts, BeStar Electronics knowingly induced one of Defendant's former employees, Dirk de Young, to breach his employment contract with Defendant through their unlawful competition and induced its independent manufacturer's representative, CC Electro, to breach a sales contract with Defendant relating to parts that were the subject of the Joint Venture Contract. (Counterclaim ¶ 6, 7, 22.) BeStar Electronics, therefore, tortiously interfered with those contracts in violation of the agreement. (Counterclaim ¶ 22.) Count IV alleges that BeStar Electronics tortiously interfered with and misappropriated Defendants' customer and prospective customer relationships and expectancy of future sales in connection with customer parts that are subject to the Joint Venture Contract (Counterclaim ¶ 23-26.) Count V alleges that BeStar Electronics conspired with five other entities or individual (not named defendants in this lawsuit) and unnamed "others" to commit the "foregoing torts" against Defendant. (Counterclaim ¶ 18 [sic] under Count V.)

### III.  LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must assume the truth of all facts alleged in the pleadings, construing allegations liberally and viewing them in the light most favorable to the non-moving party. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 735 (7th Cir. 2002). Dismissal is properly granted if it is clear that no set of facts which Plaintiff could prove consistent with the pleadings would entitle Plaintiff to

relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir. 1991). Although detailed allegations are not required, the complaint or counterclaims must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964-65. The facts alleged in a complaint or counterclaims are assumed to be true, in terms of a Rule 12(b)(6) analysis, but they must, when considered as a whole, raise more than a speculative right to relief. *Id.* at 1965. A plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

## IV.   ARGUMENT

### This Court Should Dismiss Defendant's Counterclaims As It Has No Standing To Bring Its Claims Against Plaintiff Where Defendant Is Not A Party To The Joint Venture Contract At Issue

Defendant's counterclaims against BeStar Electronics all arise from purported obligations that Defendant asserts BeStar Electronics owes pursuant to the Joint Venture Contract. According to the Counterclaim, however, the written Joint Venture Contract was entered into by Digisound-Electronic GmbH, its German parent company, and BeStar Electronics. (Counterclaim ¶ 3.) Digisound-WIE does not allege anywhere in its Counterclaim that it was a party to this contract, nor that Defendant had any part in forming the joint venture entity referenced in the contract. (Counterclaims 3.) Defendant, therefore, has no standing to bring a breach of contract claim against BeStar Electronics where it was not a party to the contract. *See, e.g., Siegel v. J &H Marsh & McLennon, Inc.* 159 F.Supp.2d 1118 (N.D. Ill. 2001) (dismissing breach of contract claim where "it is clear that nothing in the complaint establishes that plaintiff and defendant were parties to the same contract. Thus, the court finds that plaintiff has failed to

allege the existence of a contractual relationship between herself and defendant."); *RWP Consol., L.P. v. Salvatore*, 460 F.Supp.2d 351 (D. Conn. 2006). This Court should, therefore, dismiss Defendant's Count II for breach of contract.

Since all of Defendants' other causes of action are clearly based on the same allegations comprising the breach of contract claim, i.e., obligations stemming from the Joint Venture Contract, Defendant has no standing to bring its other counterclaims and they should be dismissed. Defendant alleges in Count I that BeStar Electronics's fiduciary duty arises from the Joint Venture Contract that Plaintiff entered into – that which it entered into with a separate entity, Digisound-Electronic GmbH. Taking Defendant's allegation as true that BeStar Electronics and Digisound-Electronic GmbH had entered into the contract, without reference to Defendant, BeStar Electronics would not owe a fiduciary duty to Defendant to not sell parts to a competitor that "are subject to the Joint Venture Contract." (Counterclaim ¶ 3, 18, 19.). Defendant fails to further allege that BeStar Electronics would owe Defendant a fiduciary duty outside of this contract. Similarly, Count III alleges that based on the same conduct comprising the prior two counts, BeStar Electronics knowingly induced one of Defendant's former employees, Dirk de Young, to breach his employment contract with Defendant through their unlawful competition of selling parts that were subject of the Joint Venture Contract. (Counterclaim ¶ 6, 22.) Count IIII also alleges that BeStar Electronics induced the independent manufacturer's representative, CC Electro, to breach a sales contract with Defendant relating to parts that were the subject of the Joint Venture Contract. (Counterclaim ¶ 7, 22.) Defendant's tortious interference claim in Count III is, therefore, based on a false premise that Defendant was a party to the Joint Venture Contract. In addition, Count IV alleges that BeStar Electronics tortiously interfered with and misappropriated Defendant's customer and prospective customer

relationships and expectancy of future sales in connection with customer parts that are subject to the Joint Venture Contract. (Counterclaim ¶ 23-26.) Count VI must, therefore, also dismissed as BeStar Electronics owes no obligations to Defendant. Furthermore, Count V alleges that BeStar Electronics conspired with five other entities or individual (not named defendants in this lawsuit) and unnamed "others" to commit the "foregoing torts" against Defendant (Counterclaim ¶ 18.). As Count V is also based on a contractual claim for which Defendant does not allege that it was a party to, it must also be dismissed. This Court should, therefore, dismiss Defendant's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6).

### V.    CONCLUSION

WHEREFORE, Plaintiff/Counter-Defendant BeStar Electronics Industry Co. Ltd. respectfully requests that this Court grant its Motion and enter an Order dismissing Defendant's/Counter-Plaintiff's Counterclaims.

BESTAR ELECTRONICS INDUSTRY CO. LTD.

By: /s/ Charmagne Topacio
One of Its Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000