CT1/430967                                                                                                           8233-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BESTAR ELECTRONICS INDUSTRY CO., LTD., a Chinese limited company, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> DIGISOUND-WIE, INC., an Illinois corporation, <br><br> Defendant/Counter-Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) Case No. 07-C-7290 <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF BESTAR ELECTRONICS INDUSTRY CO. LTD.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT DIGISOUND-WIE, INC.'S COUNTERCLAIMS**

Plaintiff/Counter-Defendant BeStar Electronics Industry Co. Ltd. ("Plaintiff" or "BeStar Electronics") hereby submits the following Reply Memorandum Of Law In Support of its Fed. R. Civ. P. 12(b)(6) Motion To Dismiss Defendant/Counter-Plaintiff Digisound-WIE, Inc.'s ("Defendant's" or "Digisound-WIE's") Counterclaims.

**I.      INTRODUCTION**

BeStar Electronics's motion to dismiss is based upon the premise that all of Digisound-WIE's counterclaims arise out of a Joint Venture Contract that it alleges BeStar Electronics breached, but to which Digisound-WIE was not an alleged party to. In its Response Brief, Digisound-WIE fails to sufficiently refute that its Counterclaims are not based upon obligations under the Joint Venture Contract and fails to establish that it was intended by the signatories to be a third-party beneficiary in the Contract. Digisound-WIE also misplaces reliance on an inadmissible affidavit that should be stricken. Therefore, the Court should grant BeStar Electronics' motion to dismiss Digisound-WIE's Counterclaims.

**II.     ARGUMENT**

1

A. **Digisound-WIE Concedes That BeStar Electronics Has Provided A Basis For Dismissing Counts I and II and Ignores The Allegations Of Its Counterclaims Which Support That Counts III, IV and V Are Also Based Upon the Joint Venture Contract**

BeStar Electronics moved to dismiss all of Digisound-WIE's Counterclaims on the basis that Digisound-WIE has no standing to bring its Counterclaims where it is not a party to the Joint Venture Contract at issue. These include Counts I through V. In its Response Brief, Digisound-WIE concedes that Counts I (breach of fiduciary duty) and II (breach of contract) are based on allegations under the contract, and therefore, does not refute that it has no standing to bring such claims. This Court should dismiss Counts I and II of Digisound-WIE's Counterclaim, accordingly.

With respect to Counts III through V (the tortious interference and conspiracy counterclaims), Digisound-WIE alleges that such claims are independent of any obligations under the joint venture contract. Digisound-WIE ignores the allegations of its Counterclaims. First, Counts through III through V incorporate and are based on upon the allegations of Count I and II, claims which Digisound-WIE has not refuted, and therefore conceded, are dependent on the contract. Second, as explained in the Motion to Dismiss, Counts III through V each allege BeStar Electronics committed such torts in violation of the contract and/or relate to parts subject to the contract. Therefore, Digisound-WIE is incorrect that Counts III through V are "independent" of the contract, and such counts should be dismissed since Digisound-WIE does not have standing to raise them.

B. **Digisound-WIE Is Not A Third-Party Beneficiary Under The Joint Venture Contract Since The Contract Does Not Expressly State It Is One**

    1. **Illinois Law Requires The Contract To Expressly State That A Party Is A Third-Party Beneficiary In Order To Withstand A Motion To Dismiss**

Digisound-WIE's Response Brief does not allege that it was a direct third party beneficiary to the Joint Venture Contract. Rather, it alleges that the Counterclaims lead to the inference that the signatories intended that it be one. Digisound-WIE alleges that "it need only allege facts that create the inference that that the signatories intended to be a third-party beneficiary" and cites *St. John's United Church of Christ* in support thereof. (See Def.'s Resp. Br. p. 2). However, a review of *St. John's United Church of Christ* shows that it does not state or support that proposition whatsoever. Plaintiff therefore misrepresents the law to the Court. As recently recognized, "Illinois courts have consistently emphasized that 'the alleged third-party beneficiary must be expressly named in the contract.' *United Laboratories, Inc. v. Savaiano* (unpublished) No. 06-1442, 2007 WL 4162808, *at 6-7 (N.D. Ill. Nov. 19, 2007) (citing supporting cases) (attached hereto as Exhibit "A"). Since the Joint Venture Contract does not expressly name Digisound-WIE as a third-party beneficiary, it has no standing to pursue claims based upon the contract. *Id.* *at 7 (dismissing claim where party was not an express third-party beneficiary under the contract).

    2.  **The Counterclaims Do Not Even Support An Inference That The Signatories Intended Digisound-WIE To Be A Third-Party Beneficiary Under The Joint Venture Contract**

Even if Digisound-WIE correctly observed that an inference would suffice, the Counterclaims do not sufficiently allege facts that would lead to the reasonable inference that the three signatories to the Joint Venture Contract intended that Digisound-WIE was to be a third party beneficiary under the contract. Digisound-WIE first refers to paragraphs in the "Amended Complaint" which allegedly support that "Digisound-WIE was formed specifically to sell the joint venture's products." (Def.'s Resp. Br. p. 2-3). Digisound-WIE's references to such allegations in an "Amended Complaint" has no bearing as to how any allegations in its

Counterclaims would support that the parties intended it to be a third-party beneficiary. Moreover, Paragraph 3 of the Counterclaim does not specifically refer to Digisound-WIE or allege how Digisound-WIE was to benefit at all under the Joint Venture Contract for which BeStar Acoustic was formed.

A contract, moreover, must be read as a whole to harmonize all its provision. *See Allen v. Cedar Real Estate Group, LLP*, 236 F.3d 374, 381 (7th Cir.2001). The Joint Venture Contract does not allege what is contained in Paragraph 3 of the Counterclaim that "the joint venture's purpose was and is for BeStar Acoustic to manufacture parts for Digisound-Electronics GmBH and its affiliates, for sale by Digisound-Electronics GmBH and its affiliates outside of China." (*Compare* Counterclaim ¶ 3 to the purpose contained in Article 6 of the Joint Venture Contract, attached as Exhibit A to Defs. Resp. Br.). Since the language contained in the contract contradicts what is contained in the Amended Complaint, the Court may not construe the allegations in the Counterclaims as true, and this would further negate the premise that Digisound-WIE was intended to be a third-party beneficiary. *See Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006) (if an exhibit attached to a complaint contradicts the allegations within it and establishes that the plaintiff is not entitled to relief, the complaint can be dismissed for failure to state a claim). Digisound-WIE's reference to Paragraph 14 of the Counterclaim in its Response Brief stating that Wu Yifie provided Digisound-WIE's parent company letters for its customers also does not create any basis from which to specifically infer that Digisound-WIE was a third party beneficiary under the Joint Venture Contract. (Def.'s Resp. Br. p. 2-3).

Digisound-WIE further misplaces reliance on extrinsic documents to support that Digisound-WIE was a third-party beneficiary. As Digisound-WIE acknowledges in its Response

4

Brief, the Court may not consider facts outside of the Counterclaims in ruling on a motion to dismiss. (Def.'s Resp. Br. p. 5). *See* Fed. R. Civ. P. 12(b); *Wilkow v. Forbes, Inc.*, 241 F.3d 552, 555 (7th Cir.2001). Digisound-WIE, nonetheless, ignores this and attempts to bring in projections referred to other documents and/or reports, one of which relates to Digisound-WIE, to confer standing. (Def.'s Resp. Brf. p. 4). Not only should the Court disregard all such extraneous projections as that are not specifically alleged or referred to within the Counterclaim, such allegations simply do not stand for the proposition that the parties intended Digisound-WIE to be a third party beneficiary to the Joint Venture Contract.

C.  **The Affidavit Submitted By Digisound-WIE Is Inadmissible And Should Be Stricken**

Digisound-WIE refers to an inadmissible affidavit to support that it should be allowed to amend its Counterclaims and that such an amendment would not be futile. (Def.'s Resp. Br. p. 5-6). Digisound-WIE attaches the "affidavit" of Michael Zeich, an employee of Digisound-WIE's parent company in Germany to support the allegation that Digsound-WIE was to be a third party beneficiary under the contract. This Court should strike Mr. Zeich's "Affidavit" and refuse to give it any weight as it is not admissible since it fails to comply with 28 U.S.C. § 1746 for unsworn "affidavits." Title 28 U.S.C. § 1746 requires unsworn affidavits, executed outside of the United States to state that "I declare (or certify, verify or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." 28 U.S.C. § 1746; *International Ins. v. Caja Nacional De Ahorro y Seguro*, 283 F.3d 392, 398 (7th Cir. 2002). Mr. Zeich's "Affidavit" requires, but does not include this declaration, despite the fact that he executed the document from Germany outside of the United States. Because Mr. Zeich's "Affidavit" is inadmissible, BeStar Electronics request that his "Affidavit" be stricken as failing to comply with 28 U.S.C. § 1746 and that the Court disregard it in ruling on the BeStar

5

Electronics' motion to dismiss the Counterclaims. Accordingly, this Court should enter an order dismissing the Counterclaims with prejudice.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff/Counter-Defendant BeStar Electronics Industry Co. Ltd. respectfully requests that this Court grant its Motion and enter an Order dismissing Defendant's/Counter-Plaintiff's Counterclaims.

BESTAR ELECTRONICS INDUSTRY CO. LTD.

By: /s/ Charmagne Topacio
One of Its Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, I electronically filed **Defendant BeStar Electronics, Ltd.'s Reply Memorandum of Law In Support of Its Motion To Dismiss Defendant Digisound-WIE, Inc.'s Counterclaims** with the Clerk of Court using the CM/ECF system, the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to All Counsel of Record.

By: /s/ Charmagne Topacio

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000