# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7290 | **DATE** | 5/20/2008 |
| **CASE TITLE** | BeStar Electronics Industry Co., Ltd. v. Digisound-WIE, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff/counter-defendant BeStar Electronics Industry Co. Ltd.'s motion to dismiss defendant/counter-plaintiff Digisound-WIE, Inc.'s counterclaims [21] is granted in part and denied in part. The motion is granted as to Counterclaims I, II, IV and V and denied as to Counterclaim III. Counterclaims I, II, IV and V are dismissed without prejudice. Digisound-WIE is given leave to file amended counterclaims on or before June 2, 2008. No appearance is required on May 21, 2008 at 9:30 a.m.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the court is plaintiff/counter-defendant BeStar Electronics Industry Co. Ltd.'s ("BeStar Electronics) motion to dismiss defendant/counter-plaintiff Digisound-WIE, Inc.'s ("Digisound-WIE") five counterclaims for failure to state a claim, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth more fully below, the motion to dismiss is granted in part and denied in part.

### I. Factual Background

On December 28, 2007, BeStar Electronics filed a four-count complaint against Digisound-WIE, seeking almost $400,000 in allegedly outstanding payment invoices for goods Bestar Electronics provided to Digisound-WIE. Digisound-WIE answered the complaint on February 26, 2008 and filed five counterclaims against BeStar Electronics, alleging claims for breach of fiduciary duty (Counterclaim I); breach of contract (Counterclaim II); tortious interference with contracts (Counterclaim III); tortious interference with customers and prospective customer relationships and expectancy of future sales (Counterclaim IV); and civil conspiracy (Counterclaim V). In its counterclaims, Digisound-WIE references a Contract for Chinese-foreign Equity Joint Ventures ("joint venture contract") between Digisound-Electronic GmbH ("GmbH"), Digisound-WIE's parent company, and Bestar Electronics. Digisound-WIE is not a party to the joint venture contract.

### II. Legal Analysis

#### A. Rule 12(b)(6) Standard

Rule 12(b)(6) permits motions to dismiss a counterclaim for "failure to state a claim upon which relief can be granted. . ." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "the [pleading] need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(citation omitted). The language in Rule 12(b)(6) "impose[s] two easy to clear hurdles. First, the [pleading] must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out

**STATEMENT**

of court." *Id*. (citations omitted).  In determining whether plaintiffs have cleared these hurdles, the court assumes "that all the allegations in the [pleading] are true." *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466 (7th Cir. 2007) (citations omitted).

### B. Claims Related to the Joint Venture Contract

In Counterclaim I, Digisound-WIE alleges that BeStar Electronics breached its fiduciary duty under the joint venture contract.  In Counterclaim II, Digisound-WIE alleged that BeStar Electronics breached the joint venture contract.  BeStar Electronics moves to dismiss these claims on the basis that Digisound-WIE is not a party to the joint venture contract and, therefore, does not have standing to assert a breach of the contract, or breach of any duties thereunder.  Digisound-WIE concedes it is not a party to the joint venture contract.  However, Digisound-WIE argues it has standing to assert the claims in Counterclaims I and II because it has plead sufficient facts to create the inference that the signatories to the joint venture contract intended for Digisound-WIE to be a third-party beneficiary.  Digisound-WIE does not provide any case law citations to support its "inference" theory of standing and the court finds this argument unpersuasive.

An intended third-party beneficiary to a contract has rights and may sue under the contract.  *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 758 (7th Cir. 2008)(citing *Estate of Willis II v. Kiferbaum Const. Corp.*, 357 Ill.App.3d 1002, 830 N.E.2d 636, 643 (Ill. App. Ct. 1st Dist. 2005).  An intended third-party beneficiary "is intended by the parties to the contract to receive a benefit for the performance of the agreement." *Id*.  However, "[t]here is a strong presumption in Illinois law against the creation of contractual rights in third parties; any intent to benefit a third party must be discernible in the language and circumstances of the contract." *Id*. (internal citations omitted).  In order to be considered a third-party beneficiary under Illinois law, a party "must be expressly named in the contract." *United Laboratories, Inc. v. Savaiano*, 06 C 1442, 2007 WL 4162808, at *6 (N.D. Ill. Nov. 19, 2007)(quoting *Paukovitz v. Imperial Homes, Inc.*, 271 Ill.App.3d 1037, 649 N.E.2d 473, 475 (Ill. App. Ct. 3d Dist. 1995)).

Digisound-WIE has not alleged that it was expressly named in the joint venture contract. Therefore, the court finds that on the facts presently alleged in the counterclaims, Digisound-WIE does not have standing to assert claims for breach of the joint venture contract, or breach of a fiduciary duty thereunder. Accordingly, the motion to dismiss is granted as to Counterclaims I and II.

Turning to Counterclaim IV, Digisound-WIE alleges tortious interference with its customers and prospective customer relationships and expectancy of future sales.  After reviewing the allegations in Counterclaim IV, it is not clear whether Digisound-WIE's alleged expectancy of future sales and customer relationships are based on, or independent of, the joint venture contract.  In paragraph 23 of Counterclaim IV, Digisound-WIE references its "expectation that it would be able to continue to sell . . . parts that are subject to the [j]oint [v]enture [c]ontract."  In the next paragraph, Digisound-WIE alleges that "BeStar Electronics knew of the specific prospective customers from whom Digisound-WIE was seeking purchase orders for parts that are subject to the [j]oint [v]enture [c]ontract."

As stated above, to survive a motion to dismiss, the allegations in the counterclaim must plausibly suggest Digisound-WIE has a right to relief.  *Concentra,* 496 F.3d at 776.  The allegations in Counterclaim IV are not well plead and based on the limited information provided therein, the allegations do not plausibly suggest that Digisound-WIE is entitled to relief.  Digisound-WIE concedes it is not a party to the joint venture contract.  Further, it has not alleged sufficient facts to establish it was an intended third-party beneficiary of the contract.  The customer relationships and future sales expectations referenced in this counterclaim appear to stem from certain rights Digisound-WIE contends it is entitled to under the joint venture contract. Accordingly, the motion to dismiss is granted as to Counterclaim IV.

### C. Remaining Counterclaims

Next, the court turns to the remaining counterclaims.  BeStar Electronics argues that these claims should be dismissed for the same reason as Counterclaims I and II – Digisound-WIE was not a party to the joint venture contract and, therefore, does not have standing to raise these claims.  Digisound-WIE disagrees,

**STATEMENT**

arguing that its claims in Counterclaims III and V are independent of any obligations under the joint venture contract.  The court agrees with Digisound-WIE as to Counterclaims III, but finds that it has failed to state a valid claim in Counterclaim V.

In Counterclaim III, Digisound-WIE alleges that BeStar Electronics tortiously interfered with two contracts: (1) an employment contract between Digisound-WIE and its employee, Dirk de Young, and (2) a written contract between Digisound-WIE and CC Electro Sales, Inc. ("CC Electro").  Neither of these claims involves, or is premised on obligations in, the joint venture contract.  Further, Digisound-WIE alleges that it was a party to both contracts and that BeStar Electronics tortiously interfered with those contract.  Therefore, because both of these tortious interference claims are independent of the joint venture contract, the motion to dismiss is denied as to Counterclaim III.

Finally, the court turns to Digisound-WIE's claim for civil conspiracy in Counterclaim V.  Counterclaim V consists of a single paragraph in which Digisound-WIE alleges that BeStar Electronics conspired with CC Electro and four other individuals "to commit the foregoing torts."  Digisound-WIE does not identify the foregoing torts and each of the other four counterclaims are solely directed against BeStar Electronics and not CC Electro or any other individuals.  The single paragraph in Counterclaim V does not provide "sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'"  *Concentra,* 496 F.3d at 776.  Accordingly, the motion to dismiss is granted as to Counterclaim V.

***III. Conclusion***

For the reasons set forth above, the motion to dismiss is granted as to Counterclaims I, II, IV and V and denied as to Counterclaim III.  It is so ordered.