C11 435089                                                                                                                8233-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BESTAR ELECTRONICS INDUSTRY CO., LTD., a Chinese limited company, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> DIGISOUND-WIE, INC., an Illinois corporation, <br><br> Defendant/Counter-Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) Case No. 07-C-7290 <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF BESTAR ELECTRONICS INDUSTRY CO. LTD.'S MOTION TO DISMISS DEFENDANT DIGISOUND-WIE, INC.'S AMENDED COUNTERCLAIMS**

Plaintiff/Counter-Defendant BeStar Electronics Industry Co. Ltd. ("Plaintiff" or "BeStar Electronics"), by and through its counsel, Tressler, Soderstrom, Maloney & Priess, LLP, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Defendant/Counter-Plaintiff Digisound-WIE, Inc.'s ("Defendant's" or "Digisound-WIE's") Amended Counterclaims.

### I.    INTRODUCTION

BeStar Electronics filed a motion to dismiss Defendant's initial counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that all of the counterclaims arise out of a Joint Venture Contract that Defendant alleges Plaintiff breached, but to which Defendant was not alleged to be a party to. This Court, in part, granted the motion to dismiss on the basis that Defendant did not sufficiently allege that it was a party or intended third-party beneficiary to the contract.

On June 6, 2008, Defendant filed its Amended Counterclaims. As discussed further below, the Amended Counterclaims still fail to sufficiently allege that Digisound-WIE was a party to the Joint Venture Contract and/or that it is expressly named in the contract to obtain

standing to assert the claims. Therefore, this Court should dismiss Defendant's Amended Counterclaims, pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice.

## II.     BACKGROUND FACTS AND ALLEGATIONS

On December 28, 2008, BeStar Electronics, a Chinese limited company, filed its Complaint against Defendant Digisound-WIE, an Illinois corporation. BeStar Electronics' lawsuit against Defendant is in essence a collection case against Defendant based on Defendant's failure to pay Plaintiff approximately $400,000 in outstanding invoices for goods it supplied to Defendant.

In response to BeStar Electronics' complaint, Defendant filed its Answer and Counterclaim on February 26, 2008. Defendant filed "Counterclaims" entitled: 1) breach of fiduciary duty (Count I), 2) breach of contract (Count II), 3) tortious interference with Digisound-WIE's contracts of Dirk de Young and CC Electro Sale[] (Count III), 4) tortious interference with Digisound-WIE's customer and prospective customer relationship and expectancy of future sales (Count IV) and 5) civil conspiracy (Count V). The allegations comprising these claims are almost identical to those Defendant alleged in an amended complaint it filed in a separate lawsuit in which BeStar Electronics is not a party: *Digisound, WIE, Inc. v. BeStar Technologies, Inc., et al.*, Case No. 07-C-7290 (N.D. Ill.). The claims Defendant brought in the other lawsuit were against six other defendants, while the claims here are all brought against BeStar Electronics alone.

Following the Court's dismissal of certain of its original counterclaims, Defendant filed its Answer and Amended Counterclaim. Defendant asserts the same counts and almost identical allegations against BeStar Electronics as it originally alleged in its initial counterclaim. In the Amended Counterclaim, Defendant continues to allege that its parent company in Germany,

Digisound-Electronic GmbH, and Plaintiff BeStar Electronics entered into a written "Contract for Chinese-foreign Equity Joint Ventures," i.e., "the Joint Venture Contract."[1] (Am. Counterclaim ¶ 3.) Pursuant to the Joint Venture Contract, a Chinese joint venture entity, BeStar Acoustic, was allegedly formed to manufacture parts for sale by Digisound-Electronic GmbH, its unidentified affiliates outside of China, and Plaintiff within China. *Id.* Defendant alleges that a specific purpose of the joint venture was to manufacture parts for Digisound-WIE to seek to sell to manufacturers in the U.S. and Mexico. *Id.* Digisound-WIE contends that it fully performed its obligations under the Joint Venture Contract by promoting the sale of goods made by BeStar Acoustic and paying all amounts owed. *Id.* However, even "while the joint venture was still in effect," Defendant asserts that BeStar Electronics conspired with entities and individuals that are not a party to this lawsuit to misappropriate Defendant's customer relationships, its relationship with its independent manufacturer's representative and its sales of products subject to the Joint Venture Contract to a separate competing entity, BeStar Technologies. (Am. Counterclaim ¶ 5, 7, 14.)

   Based on allegations 1 through 17 of the Complaint, which as described above, relate to the Joint Venture Contract entered into between Plaintiff and Digisound-Electronic GmbH, Digisound-WIE reasserts five counterclaims against Plaintiff. (*See* Amended Counts I through V which each repeat the preceding paragraphs 1 through 17.) Defendant alleges in Count I that since it entered into the Joint Venture Contract, BeStar Electronics owed Digisound-WIE a fiduciary duty not to compete with it in the U.S. and Mexico for sales of the same type of parts subject to the contract. (Am. Counterclaim ¶ 3, 18.) BeStar Electronics purportedly breached its fiduciary duty not to compete with Defendant in the U.S. and Mexico by selling parts that are subject to the contract. (Am. Counterclaim, Count I ¶ 19.) Count II alleges that BeStar

---

[1] Defendant did not attach a copy of the Joint Venture Contract to its initial or amended Counterclaims.

Electronics breached the Joint Venture Contract, which Plaintiff entered into with Defendant's German parent company. (Am. Counterclaim, Count II ¶ 3, 21.) Count III alleges that based on the allegations comprising the prior two counts, BeStar Electronics knowingly induced one of Defendant's former employees, Dirk de Young, to breach his employment contract with Defendant through their unlawful competition and induced its independent manufacturer's representative, CC Electro, to breach a sales contract with Defendant relating to parts that were the "subject of the Joint Venture Contract." (Am. Counterclaim, Count III ¶ 3, 6, 7, 22.) Count IV alleges that BeStar Electronics tortiously interfered with and misappropriated Defendant's customer and prospective customer relationships and expectancy of future sales in connection with customer parts that are subject to the Joint Venture Contract (Am. Counterclaim, Count IV ¶ 3, 14, 23-26.) Count V alleges that BeStar Electronics conspired with six other entities or individuals (not named defendants in this lawsuit) and unnamed "others" "through the above tortious conduct" to commit torts which "consisted of, among other things" torts to intentionally interfere with various contracts and induce others to breach their duty of loyalty. (Am. Counterclaim, Count V, ¶ 1-27.)

### III.  LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must assume the truth of all facts alleged in the pleadings, construing allegations liberally and viewing them in the light most favorable to the non-moving party. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 735 (7th Cir. 2002). However, the Court is neither bound by the non-moving party's legal characterization of the facts, nor required to ignore facts set forth in the counterclaim that undermine the non-movant's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

Although detailed allegations are not required, the complaint or counterclaims must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). The facts alleged in a complaint or counterclaims are assumed to be true, in terms of a Rule 12(b)(6) analysis, but they must, when considered as a whole, raise a right to relief above the speculative level. *Id.* at 1965. A plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

## IV.    ARGUMENT

**This Court Should Dismiss The Amended Counterclaims As Defendant Continues To Lack Standing To Bring Such Claims Where It Is Not Expressly Alleged To Be A Party To The Joint Venture Contract At Issue With Respect To All Of The Claims**

All of Defendant's Amended Counterclaims continue to involve allegations relating to the Joint Venture Contract. The Amended Counterclaims continue to assert that the written Joint Venture Contract was entered into only by Digisound-Electronic GmbH, the Defendant's German parent company, and Plaintiff BeStar Electronics. (*See, e.g.,* Am. Counterclaim ¶ 3, incorporated into all counts.) Digisound-WIE does not allege anywhere in its Amended Counterclaim that it was a party to this contract or that it was an intended third party beneficiary under the contract. This is unsurprising, as Defendant is not alleged to be expressly named anywhere in the contract. As this Court observed its in prior dismissal order of May 20, 2008, "In order to be considered a third-party beneficiary under Illinois law, a party 'must be expressly named in the contract.'" (*See* Dkt. Entry No. 30 - May 20, 2008 Minute Order, citing *United Laboratories, Inc. v. Savaiano*, 06 C 1442, 2007 WL 4162808, * 6 (N.D. Ill. Nov. 19, 2007), quoting *Paukovitz v. Imperial Homes, Inc.*, 271 Ill.App.3d 1037, 649 N.E.2d 473, 475 (Ill. App.

Ct. 3d Dist. 1995)). Since Defendant failed to allege that it was a party to or expressly named within the contract, Defendant lacks standing to bring a breach of contract claim (Count II) against BeStar Electronics.

Defendant's other causes of action based on breach of fiduciary duty, tortious interference and conspiracy (Counts I, III through V) are all based on the same allegations comprising the breach of contract claim, i.e., obligations stemming from the Joint Venture Contract to which Digisound-WIE is not alleged to be a party or expressly named. (*See, e.g.*, Am. Counterclaim ¶ 3, 5, 6, 7, 14 incorporated into all counts.) For instance, the breach of fiduciary duty count alleges that the purported duty BeStar Electronics owes Defendant stems from the contract. (Am. Counterclaim, Count I ¶ 3, 18, 19.) All of the remaining causes of action are tied to and incorporate allegations relating to the same Joint Venture Contract to which its German parent and BeStar Electronics entered into. It would be undisputed that Digisound-WIE does not allege that any of its Amended Counterclaims are independent of the allegations relating to the Joint Venture Contract, particularly where the claims expressly incorporate the allegations into each count by reference. This Court should, therefore, dismiss Defendant's Amended Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice.

Furthermore, Defendant's amended conspiracy claim (Count V) also fails to clearly identify the torts upon which the claim is based upon to give BeStar Electronics sufficient notice of the basis of the claim. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2006) (requiring the pleading to provide sufficient detail to give the movant fair notice of what the claim is and the grounds upon which it rests). First, Count V states that it "repeats the preceding ¶¶ 1-26" without identifying whether these "preceding paragraphs" are specifically those under Count IV or any of the paragraphs similarly numbered under "Allegations Common

To All Counts" or Counts I through III. Second, Count V generally alleges that "through the above tortious conduct" (which may include the breach of fiduciary duty claim), BeStar Electronics allegedly conspired with other unnamed parties "to commit torts"—torts which are described only in part ("among other things") by Defendant. Defendant fails to sufficiently identify all of the torts upon which the conspiracy claim is based. Third, since Defendant lacks standing to assert the torts partially described by Defendant as comprising the conspiracy claim, Count V fails, as well. Therefore, this Court should dismiss Count V with prejudice.

## V.     CONCLUSION

WHEREFORE, Plaintiff/Counter-Defendant BeStar Electronics Industry Co. Ltd. respectfully requests that this Court grant its Motion and enter an Order dismissing Defendant's/Counter-Plaintiff's Amended Counterclaims with prejudice and further granting any other relief this Court deems appropriate.

BESTAR ELECTRONICS INDUSTRY CO. LTD.

By: /s/ James K. Borcia
One of Its Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel: (312) 627-4000
Fax: (312) 627-1717