In the United States District Court
For the Northern District of Illinois
Eastern Division

| | |
|---|---|
| BESTAR ELECTRONICS INDUSTRY CO., LTD., | |
| Plaintiff/Counter-Defendant, | |
| v. | 07 C 7290 |
| DIGISOUND-WIE, INC., | Judge Lindberg |
| Defendant/ Counter-Plaintiff. | |

# Defendant's Response to Motion to Dismiss Amended Counterclaims

## 1. Court Previously Upheld Count III

BeStar Electronics' Motion to Dismiss fails to acknowledge that its prior motion to dismiss Count III of the Counterclaim was denied. Without expressly challenging the Court's prior ruling, the current motion wrongly continues to assert that Count III (tortious interference with Digisound-WIE's contracts with Dirk de Young and CC Electro Sales) stems from the Joint Venture Contract. Because the Court has already found that Count III, which has not been amended, alleges a claim that is independent of the Joint Venture Contract, the renewed motion to dismiss Count III should likewise be denied.

## 2. Amended Count IV Is Unrelated To Joint Venture Contract

In its ruling on the first Motion to Dismiss, this Court found that Count IV (tortious interference with Digisound-WIE's customer and prospective customer relationships and expectancy of future sales) appeared "to stem from certain rights Digisound-WIE contends it is entitled to under the Joint Venture Contract." To make clear that Digisound-WIE's right did not stem from the Joint Venture Contract, Count IV of the Amended Counterclaims deletes the

allegation that BeStar Electronics tortiously interfered with its right to sell "parts that are subject to the Joint Venture Contract." It instead alleges that BeStar Electronics knowingly interfered, through specified tortious means, with Digisound-WIE's "expectation that it would be able to continue to sell goods" to its customers and obtain new orders for "goods." (Amended Counterclaims, ¶¶ 23-26.) By referring generically to goods, Count IV is no longer based on the sale of the parts that are subject to the Joint Venture Contract, but on the sale of goods that are available from any source.

### 3. Amended Count V Is Unrelated To Joint Venture Contract

The amended Count V (civil conspiracy) is changed to reflect this Court's prior ruling that it failed to "identify the foregoing torts" that BeStar Electronics committed in furtherance of the conspiracy. Amended Count V identifies these specific torts:

(a) intentionally interfering with Digisound-WIE's employment contract with Dirk de Young and inducing him to violate the non-competition restrictions contained in that contract,

(b) intentionally inducing the de Youngs to breach their duty of loyalty to Digisound-WIE, as alleged above,

(c) intentionally inducing CC Electro Sales to breach its contract with Digisound-WIE, as alleged above, and

(d) intentionally interfering, through the tortious means alleged above, with Digisound-WIE' s customer contracts for the sale of goods to them and with Digisound-WIE's reasonable expectation that it would continue to sell goods to those customers and gain purchase orders for the sale of goods to new customers."

(Amended Counterclaims, ¶ 27).

BeStar Electronics can no longer reasonably claim that it lacks notice of what the civil conspiracy is. By identifying the specific torts, Digisound-WIE also made clear that neither the torts nor the conspiracy stem from or depend on duties allegedly imposed under the Joint

Venture Contract. In fact, three of the alleged torts committed in furtherance of the conspiracy were previously upheld as being independent of the Joint Venture Contract (*i.e.* Amended Counterclaims, ¶ 27(a)-(c), as alleged in Count III).

### 4. Amended Counts I-II Include Further Factual Allegations that Digisound-WIE Is Intended Third-Party Beneficiary

Only Counts I and II of the Amended Counterclaim are based on duties under the Joint Venture Contract. Counts I and II have been amended to allege that "a specific purpose of the joint venture [between Digisound-Electronic GmbH and BeStar Electronics] was to manufacture parts *for Digisound-WIE to seek to sell* to manufacturers in the U.S. and Mexico." (Amended Counterclaims, ¶ 3 (emphasis added).) It further alleges that "Digisound-WIE fully performed its obligations under the Joint Venture Contract *by promoting the sale of goods made by BeStar Acoustic and paying all amounts owed for the goods*, after set off for all amounts due from BeStar Acoustic or BeStar Electronics." (*Id.* (emphasis added).) Counts I and II thus implicitly allege that as the contract parties' intended, Digisound-WIE benefited BeStar Electronics by promoting, selling, and paying for goods made by its 51% owned joint venture. (*Id.*)

While Digisound-WIE is not named in the Joint Venture Contract, the surrounding circumstances at the time of its execution support Digisound-WIE's contention that it is an intended beneficiary. *Tradewinds Aviation, Inc. v. Jet Support Serv., Inc.*, 04 C 1406, 2004 WL 2533728, *3 (N.D. Ill. Sept. 27, 2004) (while best evidence of the parties' intent is express language in the contract identifying the third-party beneficiary, but an implied showing may be sufficient); *see also United Laboratories, Inc. v. Savaiano*, 06 C 1442, 2007 WL 4162808, *6 (N.D. Ill. Nov. 19, 2007) (Illinois courts consider both contract language and the circumstances surrounding the parties at the time of contract's execution in determining parties' intent). Those circumstances include that Digisound-WIE is the U.S. sales arm of its parent company,

3

Digisound-Electronic GmbH, which is a signatory. (Amended Counterclaims, ¶¶ 1, 3.) As the sales arm, Digisound-WIE's role in carrying out the joint venture and making it successful is no different than had it been an unincorporated division of its parent company. Its role was both the implicit and integral means for the joint venture, and thereby BeStar Electronics, to meet its aim of selling its products worldwide, including in the U.S. and Mexico. (*Id.*)

Counts I-II, as amended, creates a reasonable inference that based on the benefit it expected to receive in return, BeStar Electronics intended Digisound-WIE to benefit through its performance of the Joint Venture Contract. *American United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 930 (7th Cir. 2003) ("A direct third-party beneficiary is a person who, although not a party to the contract, the contracting parties intended to benefit from the contract," as determined by the contract's language and the surrounding circumstances at the time of the contract's execution); *see* Restatement (Second) of Contracts § 302 (1981) (third party is intended beneficiary to an agreement if "recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and … the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance."). As a third-party beneficiary, Digisound-WIE thus has standing to sue under the Joint Venture Contract and for breach of the fiduciary duties it created. *Tradewinds*, 2004 WL 2533728, *2 (N.D. Ill. Sept. 27, 2004).

DIGISOUND-WIE, INC.

By: s/ Arthur Sternberg
    One of Its Attorneys

Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235