RT/330256                                                                                                    8233-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BESTAR ELECTRONICS INDUSTRY CO., LTD., a Chinese limited company, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) Case No. 07-C-7290 ) ) |
| DIGISOUND-WIE, INC., an Illinois corporation, | ) ) ) |
| Defendant/Counter-Plaintiff. | ) |

**PLAINTIFF BESTAR ELECTRONICS INDUSTRY CO. LTD.'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT DIGISOUND-WIE, INC.'S AMENDED COUNTERCLAIMS**

Plaintiff/Counter-Defendant BeStar Electronics Industry Co. Ltd. ("Plaintiff" or "BeStar Electronics"), by and through its attorneys, Tressler, Soderstrom, Maloney & Priess, LLP, hereby request leave of court to file their Reply memorandum of law in support of its Fed. R. Civ. P. 12(b)(6) Motion To Dismiss Defendant/Counter-Plaintiff Digisound-WIE, Inc.'s ("Defendant's" or "Digisound-WIE's") Amended Counterclaims. In support thereof, Plaintiff states as follows:

1.  On May 20, 2008, this Honorable Court issued its ruling on Plaintiff's Motion to Dismiss Defendant's five counterclaims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Motion was granted in part and denied in part, and Defendant was given leave to file amended counterclaims.

2.  After Defendant filed its Answer and Amended Counterclaims on June 2, 2008, Plaintiff moved to dismiss said claims on June 23, 2008 for failure to sufficiently allege that Digisound-WIE was a party to the Joint Venture Contract and/or that it is expressly named in the contract to obtain standing to assert the claims.

3. On July 2, 2008, Defendant filed a Response brief to Plaintiff's Motion alleging new factual assertions to which Plaintiff requests an opportunity to respond. (See Def.'s Resp. Br. pp. 2, 3, and 4).

4. Defendant also introduces new case law into the Response brief for the first time. (See Def.'s Resp. Br. pp. 3 and 4).

5. Fairness dictates that Plaintiff should have the opportunity to respond to Defendant's new facts and case law.

6. Accordingly, Plaintiff respectfully seeks leave to file the attached Reply memorandum of law in support of its Motion to Dismiss Defendant's Amended Counterclaims. (See Ex. A).

WHEREFORE, for the foregoing reasons, Plaintiff/Counter-Defendant BeStar Electronics Industry Co. Ltd. respectfully requests that this Honorable Court issue an Order granting Plaintiff leave to file its Reply memorandum of law in support of its Fed. R. Civ. P. 12(b)(6) Motion To Dismiss Defendant/Counter-Plaintiff Digisound-WIE, Inc.'s Amended Counterclaims and any other relief this Court deems appropriate.

BESTAR ELECTRONICS INDUSTRY CO. LTD.

By:_____/s/ James K. Borcia_____
  One of Its Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BESTAR ELECTRONICS INDUSTRY CO., LTD., a Chinese limited company,<br><br>        Plaintiff/Counter-Defendant,<br><br>v.<br><br>DIGISOUND-WIE, INC., an Illinois corporation,<br><br>        Defendant/Counter-Plaintiff. | )<br>)<br>)<br>)<br>)<br>) Case No. 07-C-7290<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2008, I electronically filed **Plaintiff Bestar Electronics Industry Co. Ltd.'s Motion For Leave to File a Reply Memorandum of Law in Support of Its Motion to Dismiss Defendant Digisound-Wie, Inc.'s Amended Counterclaims**, with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

    Arthur B. Sternberg
    Susan M. Lorenc
    Thompson, Coburn, Fagel, Haber
    55 East Monroe Street, 40th Floor
    Chicago, IL 60603

    BESTAR ELECTRONICS INDUSTRY CO. LTD.

    By: /s/ James K. Borcia
        One of Its Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

RT/330204                                                                                                                    8233-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BESTAR ELECTRONICS INDUSTRY CO., LTD., a Chinese limited company, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) Case No. 07-C-7290 ) ) |
| DIGISOUND-WIE, INC., an Illinois corporation, | ) ) ) |
| Defendant/Counter-Plaintiff. | ) |

**PLAINTIFF BESTAR ELECTRONICS INDUSTRY CO. LTD.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT DIGISOUND-WIE, INC.'S AMENDED COUNTERCLAIMS**

Plaintiff/Counter-Defendant BeStar Electronics Industry Co. Ltd. ("Plaintiff" or "BeStar Electronics"), by and through its attorneys, Tressler, Soderstrom, Maloney & Priess, LLP, hereby submits the following Reply memorandum of law in support of its Fed. R. Civ. P. 12(b)(6) Motion To Dismiss Defendant/Counter-Plaintiff Digisound-WIE, Inc.'s ("Defendant's" or "Digisound-WIE's") Amended Counterclaims.

### I.   INTRODUCTION

BeStar Electronics' motion to dismiss Defendant's amended counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) is based on Defendant's continued failure to adequately allege that Digisound-WIE was a party to the Joint Venture Contract and/or sufficiently establish that it was an intended third-party beneficiary to the Contract. As Defendant also fails in its Response brief to demonstrate that Digisound-WIE has standing to assert claims under the Contract, this Court should dismiss Defendant's Amended Counterclaims with prejudice.


EXHIBIT A

II.  ARGUMENT

A.  Digisound-WIE's Response Brief Ignores The Requirement That A Party Must Be Expressly Stated To Be A Third-Party Beneficiary To A Contract In Order To Withstand A Motion To Dismiss

In its Response brief, Defendant concedes that Digisound-WIE is not expressly named as a party or a third-party beneficiary to the Joint Venture Contract. Defendant also fails to distinguish or even address the case law cited by both Plaintiff in its motion and this Court in its prior dismissal order of May 20, 2008, that "In order to be considered a third-party beneficiary under Illinois law, a party 'must be expressly named in the contract.'" (*See* Dkt. Entry No. 30 - May 20, 2008 Minute Order, *citing United Laboratories, Inc. v. Savaiano*, 06 C 1442, 2007 WL 4162808, *6 (N.D. Ill. Nov. 19, 2007), *quoting Paukovitz v. Imperial Homes, Inc.*, 271 Ill.App.3d 1037, 649 N.E.2d 473, 475 (3d Dist. 1995)).

Instead, Defendant's Response brief contends that the amended counterclaims lead to the implicit inference that at the time of the Joint Venture Contract's execution, Digisound-WIE was an intended third-party beneficiary. This proposition ignores the requirement under Illinois law that third-party beneficiaries need be expressly stated in the contract. Moreover, under Illinois law there is a strong presumption against third-party beneficiaries because it is assumed that parties to a contract intend the contract to apply only to them. *Quinn v. McGraw-Hill Cos., Inc.*, 168 F.3d 331, 334 (7th. Cir. 1999).

Even if such an inference was sufficient, Defendant's amended counterclaims fail to allege facts that would support a reasonable inference that the signatories to the Joint Venture Contract intended Digisound-WIE to be a third-party beneficiary. Defendant's amended claims allege that "a specific purpose of the joint venture…was to manufacture parts for Digisound-WIE" and that "Digisound-WIE fully performed its obligations under the Joint Venture Contract by promoting the sale of goods made by BeStar Acoustic and paying all amounts owed for the

2

goods" not only misstate the purpose of the contract, but also provide no support for the contention that the parties intended Digisound-WIE to be a third-party beneficiary. (Amended Counterclaims, ¶ 3, incorporated into all counts). Given that Digisound-WIE was not expressly stated as a party or third-party beneficiary to the contract, Defendant's amended counterclaims should be dismissed as it has no standing to bring such claims.

      B.      **Digisound-WIE's Response Brief Fails To Separate Counts IV and V From The Joint Venture Contract**

Defendant's revisions to Count IV of its amended counterclaims are inconsequential and fail to separate it from the Joint Venture Contract. Amended Count IV alleges that BeStar Electronics knowingly interfered with Digisound-WIE's "expectation that it would be able to continue to sell goods" to its customers and obtain new orders for "goods," rather than its right to sell "parts that are subject to the Joint Venture Contract" as alleged in Defendant's original Counterclaim. (Amended Counterclaims, ¶¶ 23-26).

In its Response Brief, Defendant contends that "Count IV is no longer based on the sale of parts that are subject to the Joint Venture Contract, but on the sale of goods that are available from any source." (See Def.'s Resp. Br. p.2). However, Defendant fails to identify any alleged "goods" Digisound-WIE sold other than those parts relating to the Joint Venture Contract. Defendant also fails to identify any alleged source from which Digisound-WIE had an expectation to receive such "goods" other than BeStar Electronics. This is because the only "goods" in question were the parts subject to the contract, and Defendant's attempts to distinguish the two are unavailing.

Defendant's Response brief also fails to separate Count V from the Joint Venture Contract as all three torts alleged to have been committed relate to the contract. Defendant's claim that "neither the torts nor the conspiracy stem from or depend on duties allegedly imposed

3

under the Joint Venture Contract" is baseless as the torts still incorporate by reference and rely upon allegations relating to the contract. Since Amended Counts IV and V concern parts that are subject to the contract and because Defendant lacks standing to assert claims under the contract, its amended counterclaims should be dismissed.

### C. Count III Is Ripe To Be Challenged And Should Be Dismissed

Count III of Defendant's amended counterclaims relies on the allegations of Counts I and II which stem from the Joint Venture Contract to which Digisound-WIE was neither a party nor an expressly named third-party beneficiary. Given that the counterclaims and the allegations they incorporate and relate to have been amended, all such claims are ripe to be challenged. Defendant also cites no authority in its Response Brief to the contrary.

### III. CONCLUSION

WHEREFORE, Plaintiff/Counter-Defendant BeStar Electronics Industry Co. Ltd. respectfully requests that this Court grant its Motion and enter an Order dismissing Defendant's/Counter-Plaintiff's Amended Counterclaims with prejudice and further granting any other relief this Court deems appropriate.

BESTAR ELECTRONICS INDUSTRY CO. LTD.

By: /s/ James K. Borcia
One of Its Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000