# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7290 | **DATE** | 7/29/2008 |
| **CASE TITLE** | BeStar Electronics Industry Co., Ltd. v. Digisound-WIE, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff/counter-defendant BeStar Electronics Industry Co.'s ("BeStar") motion to dismiss defendant/counter-plaintiff Digisound-WIE, Inc.'s ("Digisound-WIE") amended counterclaims [33] is granted in part and denied in part. The motion is granted as to Counterclaims I and II and denied as to Counterclaims III and IV. The motion is granted in part and denied in part as to Counterclaim V. BeStar is ordered to file an answer to Counterclaims III, IV and the remaining part of V on or before August 12, 2008.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

The Court assumes familiarity with its May 20, 2008 order and the facts of this case. Accordingly, the Court will not provide a detailed factual background in this order. Rule 12(b) permits motions to dismiss a counterclaim for "failure to state a claim upon which relief can be granted. . ." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "the [pleading] need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Equal Employment Opportunity Comm'n v. Concentra Health Servs. Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(citations omitted). The language in Rule 12(b)(6) "impose[s] two easy to clear hurdles. First, the [pleading] must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' Second, the allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.*(citations omitted). In determining whether plaintiffs have cleared these hurdles, the Court assumes "that all the allegations in the [pleading] are true." *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466 (7th Cir. 2007)(citations omitted).

As the Court stated in its May 20, 2008 order, to be considered a third-party beneficiary to a contract under Illinois law, a party "must be expressly named in the contract." *United Laboratories, Inc. v. Savaiano*, 06 C 1442, 2007 WL 4162808, at *6 (N.D. Ill. Nov. 19, 2007)(quoting *Paukovitz v. Imperial Homes, Inc.*, 271 Ill. App. 3d 1037, 649 N.E>2d 473, 475 (Ill. App. Ct. 3d Dist. 1995)). Digisound-WIE concedes that it is not expressly named in the Joint Venture Contract ("Contract") between Digisound-Electronic GmbH and BeStar. Further, Digisound-WIE did not attach the Contract as an exhibit to its amended counterclaims. Therefore, contrary to Digisound-WIE's assertions, the court cannot make a finding from the Contract's language and the surrounding circumstances that Digisound-WIE was an intended third-party beneficiary to the Contract. Accordingly, BeStar's motion to dismiss the amended counterclaims is granted as to Counterclaims I and II.

The motion to dismiss the amended counterclaims is denied as to Counterclaim III. Similar to the Court's finding in its May 20, 2008 order, the Court finds that Digisound-WIE plead a cognizable cause of

**STATEMENT**

action in Counterclaim III. Thus, BeStar's motion to dismiss is denied as to Counterclaim III.

The motion to dismiss is also denied as to Counterclaim IV and most of Counterclaim V. Although Digisound-WIE could have been more artful in its drafting of Counterclaims IV and V, at a minimum, the allegations therein, with a minor caveat discussed below, provide BeStar with fair notice of the claims against it and the grounds upon which those claims rest. The allegations also plausibly suggest that Digisound-WIE could have a right to relief.

The motion to dismiss is granted in part as to Counterclaim V. The portions of the conspiracy claim related to an alleged breach of the Contract and breach of fiduciary duty under the Contract are dismissed. As the Court stated above, Digisound-WIE does not have standing to raise a claim for breach of the Contract, or breach of fiduciary duty under the Contract. Therefore, Digisound-WIE also lacks standing to allege a conspiracy to commit those torts.